John Houston Scott, SBN 72578
Lizbeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel:  (415) 561-9601
Fax: (415) 561-9609
E-mail: john@scottlawfirm.net
liza@scottlawfirm.net

Izaak D. Schwaiger, SBN 267888
130 Petaluma Avenue, Suite 1A
Sebastopol, CA  95472
Tel: (707) 595-4414
Fax: (707) 851-1983
E-mail: izaak@izaakschwaiger.com

Attorneys for Plaintiff Fernando Del Valle

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO DEL VALLE<br><br>  Plaintiff,<br>v.<br><br>COUNTY OF SONOMA, STEVE FREITAS, SCOTT THORNE, ANTHONY DIEHM, BEAU ZASTROW and DOES 1-50, inclusive.<br><br>  Defendants. | Case No:  3:17-cv-03611-JSW<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANT SCOTT THORNE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:  September 29, 2017<br>Time:  9:00 a.m.<br>Courtroom:  5, 2nd Floor<br>    1301 Clay Street, Oakland, CA<br>Judge:  The Honorable Jeffrey  S. White |

## INTRODUCTION

Defendant Scott Thorne asks this court to dismiss Plaintiff's unlawful entry and search claim, under the Fourth Amendment. He contends that he had a reasonable belief, based on the facts alleged, that it was necessary to enter the home, without consent and without a warrant, because a neighbor made a 911 call of hearing a verbal argument. It is also alleged that Mrs. Del Valle had been drinking and was upset at her husband because he had not noticed her new haircut. It is further alleged that upon arriving at the home Mrs. Del Valle answered the door and told Deputy Thorne that nothing was "going on" and that she was not letting him into the house.

Based on these allegations Defendant Thorne contends that he reasonably believed there was an emergency that required assistance to an injured occupant, or to protect an occupant from imminent injury. On that basis he seeks to have this claim dismissed, or alternatively, he argues he is entitled to qualified immunity because a reasonable officer in this situation would have entered the home without consent and without a warrant. For the reasons set forth below, both arguments fail.

## ARGUMENT

### I.  Applicable Law – Rule 8

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has consistently held that the "notice pleading" requirements of Rule 8 apply to most civil actions, particularly complaints brought under § 1983 alleging municipal liability. *Swierkiewicz v. Sorema*, 534 U.S. 506, 513 (2002).

The Supreme Court has also held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.

- 1 -

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

Ed. 2d 868 (2009). The issue is whether the plaintiffs are entitled to offer evidence to support the claims, not whether based on a complaint's allegations the will prevail as a matter of law. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974) (quotations omitted).

To state a cause of action under 42 U.S.C. Section 1983, a plaintiff must allege facts to put defendants on notice of a constitutional violation that was committed under color of state law. *Marsh v. County of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012). However, "a plaintiff is not expected to plead evidence or specific factual details not ascertainable in advance of discovery." *See Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986). "Civil rights plaintiffs . . . have never been expected to plead their evidence or specific factual details not ascertainable before discovery has taken place." *San Jose Charter of the Hell's Angels Motorcycle Club v. City of San Jose*, No. 09-20022, 1999 U.S. Dist. LEXIS 21440, 1999 WL 1211672, at *12 (N.D. Cal. Dec. 6, 1999). The Ninth Circuit permits plaintiffs to amend to identify individuals and their roles as they become known through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)

**II.     Plaintiff Has Stated Facts Sufficient to Constitute a Clause of Action for Unlawful Entry and Search**

The plaintiff has alleged at paragraphs 11 through 14 of his complaint:

11.     On September 24, 2016, Mr. Del Valle and his wife were arguing in their home in Boyes Hot Springs. Mrs. Del Valle had been drinking, and was upset that her husband had not noticed her new haircut. As Mrs. Del Valle's yelling became out of hand, Mr. Del Valle withdrew from the argument and retired to a second bedroom where he locked the door and tried to go to sleep. The noise of the argument gave rise to a neighbor calling the police.

12.     At approximately 10:30 p.m., Sonoma County Deputy Sheriffs Scott Thorne, Anthony Diehm, and Beau Zastrow arrived and knocked on the door of the residence. Mrs. Del Valle opened the door halfway, holding it with her left hand. Deputy Thorne demanded, "What's going on here?" Mrs. Del Valle responded, "Nothing. I'm not letting you into the house, though." Deputy Thorne forced the door open with his foot, kicking it

- 2 -

against the inside wall. Deputy Thorne grabbed Mrs. Del Valle by the wrist and ordered her back in the house as the deputies entered.

13.     "Who else is in here?" Thorne demanded. Mrs. Del Valle explained that her husband was in the back. Deputy Deihm remained with Mrs. Del Valle while the other two deputies proceeded to the back of the residence. Deputy Thorne knocked on the bedroom door and ordered Mr. Del Valle to open it. Mr. Del Valle responded, "Why?" Deputy Thorne replied, "Sheriff's Office." Mr. Del Valle responded, "I don't care." Deputy Thorne repeated his demand, to which Mr. Del Valle responded, "Nope." Deputy Thorne again demanded Mr. Del Valle open his door, or the deputy would kick it down. Mr. Del Valle responded, "Go ahead. If you do, I'm going to call my lawyer."

14.     Deputy Thorne then kicked the door open, destroying the doorframe, and entered the bedroom along with Deputy Zastrow. Mr. Del Valle was lying in his bed wearing only a pair of gym shorts. Both of his hands were clearly in view as he was operating his cell phone. "Stand up!" yelled Thorne. Mr. Del Valle replied in a calm voice that he was calling his lawyer. Again Thorne demanded he stand up, and again Mr. Del Valle asserted calmly that he was calling his lawyer. Thorne and Zastrow surrounded Mr. Del Valle on his bed and again demanded he stand up. Mr. Del Valle replied, "Sir, I'm in my house. I was sleeping. I'm calling my lawyer."

The law is well established that there are narrow exceptions to the general rule that police cannot enter a home, without consent, unless there is an emergency or other exigent circumstances.  The Defendant's reliance on *Brigham City v. Stuart*, 547 U.S. 398 (2006) is misplaced because there is no allegation in this complaint that Officer Thorne could reasonably believe that emergency assistance was necessary to an injured occupant or to protect an occupant from imminent injury.

There was a verbal argument between a husband and wife.  There was no report of violence, nor was there any reason to believe violence was involved.  When the deputies arrived at the home they were met at the door by Mrs. Del Valle.  When asked "what's going on here", she responded; "Nothing, I'm not letting you in the house, though."  There were no signs of an injured occupant, nor anything about that response to indicate an occupant needed to be protected from imminent injury.

Defendant Thorne is asking this court to draw unreasonable inferences in his favor, while the court is required to draw reasonable inferences and construe the facts alleged "in the light most favorable to the Plaintiff." *Ashcroft v Iqbal*, 556 U.S. 662 (2009)

- 3 -

The cases addressing the "emergency exception" to the warrant requirement in potential domestic violence 911 calls are extremely fact specific. To prove exigent circumstances the police officers cannot rely on speculation about what may or might have happened. *United States v Howard*, 828 F.2d 552, 555 (9th Cir. 1987)

In *United States v Brooks*, 367 F.3d 1128 (9th Cir. 2004) a man convicted of bank robbery appealed the denial of a motion to suppress. The arrest followed an entry into a hotel room after a guest in the next door room called the police and reported hearing "what she thought were sounds of a woman being beaten" in the room next door. When the officer arrived they noticed that the room was in "total disarray." When the man (Brooks) answered the door he told the officer that the woman was in the bathroom. Given the totality of the facts – a report of sounds of a woman being beaten and the woman allegedly being in the bathroom – the court denied the motion to suppress. The holding was anchored by the officer's concern for the safety of the woman. *Id*. at 1136.

In *United States v Martinez*, 406 F.3d 1160 (9th Cir. 2005) a man convicted of the unlawful possession of firearms brought a motion to suppress firearms discovered in his house. The initial radio transmission received by the officer indicated there was an "out of control" male and the 911 call was disconnected. Officer Phillips recognized the address as a residence he had been called to on a previous occasion for a domestic violence incident. Upon arriving the officer saw a woman in the front yard "very upset and crying" and he could hear yelling coming from inside the house. The officer described it as "angry, hostile yelling". The officer entered the house to make sure the person yelling was not injured. The officer reasonably believed there was an emergency at hand and an immediate need for his assistance. *Id*. at 1165.

On the other hand, there are cases holding that an emergency entry was not justified in making a warrantless entry in response to a 911 call reporting a possible emergency. *Silva v City of San Leandro*, 744 F. Supp. 1036 (N.D. Cal. 2010) (officers responded to an anonymous 911 call stating that someone was overdosing on drugs inside, and on a motion for summary judgment the court found triable issues of fact precluded summary judgment); and *Williams v County of*

- 4 -

*Alameda*, 26 F. Supp. 3d 925 (N.D. Cal. 2014) (motion to dismiss denied where deputies received a report of a 911 call from a young boy who stated his parents were "about to fight.")

The court's reasoning in *Williams v County of Alameda*, *supra*, 937-939 is very instructive. Judge Armstrong first did an analysis of the basic principles of the Fourth Amendment law, i.e., that searches and seizures inside a home without a warrant are presumptively unreasonable. *Payton v New York*, 445 U.S. 573, 586 (1980). The court then went on to discuss the basic exceptions to the rule.

> "To prove that exigent circumstances existed, the Defendants cannot rely on "speculation about what may or might have happened." See *United States v. Howard*, 828 F.2d 552, 555 (9th Cir. 1987). Instead, Defendants must point to "specific and articulable" facts which, taken together with rational inferences, support the warrantless intrusion. Id. A court, in turn, must view the exigencies "from the totality of circumstances known to the officers at the time of the warrantless intrusion." Id. In light of these circumstances, the court must determine whether an officer's decision to enter without a warrant was "objectively reasonable." *U.S. v. Brooks*, 367 F.3d 1128, 1136 (9th Cir. 2004); see *Brigham City*, *Utah*, 5476 U.S. at 403, 406 126 S.Ct. 1943 (concluding that police may enter a home without a warrant when they have an objectively reasonable basis for believing that an occupant is seriously injured or imminently threatened with such injury)."

*Williams v. County of Alameda*, 26 F.Supp.3d 925, 938 (N.D. Cal. 2014).

Judge Armstrong then went on to hold that in "viewing the allegations in the complaint most favorable to the plaintiff" that the plaintiff had alleged sufficient facts to withstand the Defendants motion to dismiss. Id. at 938. In so holding the court responded to the Defendants reliance on *U.S. v Black*, 482 F. 3d 1035 (9th Cir. 2007) and *U.S. v Brooks*, *supra* at 1136.

> "While the Ninth Circuit has recognized that domestic violence cases present a unique set of dangers that may, at times, "override considerations of privacy," such cases do not create a per se exigent need for a warrantless entry, rather, the totality of the circumstances must be considered to determine whether exigent circumstances relieved the offices of the customary need for a warrant prior to entry. U.S. v. Black, 482 F.3d 1035, 1040 (9th Cir. 2007); see Brooks, 367 F.3d at 1136 (finding that the exigency doctrine allowed warrantless entry where a 911 call alerted police to a perceived domestic abuse and there were corroborating facts known to the officer disclosing danger and creating exigency). Defendants have not cited any Ninth Circuit authority demonstrating that dismissal is appropriate based on the facts alleged in the SAC. Accordingly, Defendants' motion to dismiss Plaintiff's unlawful entry claim for failure to state a claim is DENIED."

- 5 -

*Williams v. County of Alameda*, *supra*, at 938-939.

### III.  Defendant Thorne is Not Entitled to Qualified Immunity

Defendant Thorne alternatively asks this court to grant his motion for qualified immunity on the basis that a reasonable officer would have believed, based on the allegations, that an emergency existed that excused a warrantless entry.  This argument is based on the false assumption that the narrowly defined emergency exception should be broadly interpreted to apply to every situation where a 911 call is made that a couple is verbally arguing – regardless of any evidence of violence or physical harm.

Such a rule would excuse countless warrantless entrees into homes.  Many couples argue – the court can almost take judicial notice of that fact.  The vast majority of those verbal arguments do not escalate into violence.  The fact that alcohol is involved does not change the equation.  Many couples drink alcohol at home and argue.  The defendant is asking this court to set a dangerous precedent that cannot be decided on a motion to dismiss.

### CONCLUSION

For the foregoing reasons the defendant Scott Thorne's motion to dismiss the plaintiff's Complaint should be denied in its entirety, or, plaintiff should be granted leave to amend.

Dated: September 1, 2017

By: /s/ John H. Scott
John H. Scott
Attorneys for Plaintiff