John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel:   (415) 561-9601
Fax:  (415) 561-9609
E-mail: john@scottlawfirm.net
liza@scottlawfirm.net

Izaak D. Schwaiger, SBN 267888
130 Petaluma Avenue, Suite 1A
Sebastopol, CA  95472
Tel: (707) 595-4414
Fax: (707) 581-1983
E-mail: izaak@izaakschwaiger.com

Attorneys for Plaintiff Fernando Del Valle

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO DEL VALLE<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF SONOMA, SCOTT THORNE,<br>ANTHONY DIEHM, BEAU ZASTROW and<br>DOES 1-50, inclusive.<br><br>        Defendants. | Case No:  3:17-cv-03611-JSW<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS**<br><br>Date:   April 19, 2019<br>Time:  9:00 a.m.<br>Location: Courtroom 5, 2nd Floor<br>            1301 Clay Street, Oakland<br>Judge: The Honorable Jeffrey S. White |

**SCOTT LAW FIRM**
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**NOTICE**</u>

Plaintiff Del Valle, hereby moves to certify the Notice of Appeal filed by Defendant Scott Thorne on February 20, 2019, Dkt. 158 and Defendant Beau Zastrow on February 27, 2019, Dkt. 164, as frivolous under *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) and its progeny. "Should the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Id.* at 105. The order being appealed is this Court's Redacted Order Granting, In Part, and, Denying, In Part, Motions for Summary Judgment and Requiring Joint Status Report, Dkt. 156, filed February 20, 2019 (referred hereto as the Order).

PLEASE TAKE NOTICE THAT Plaintiff's Motion to Certify Defendants' Appeals as Frivolous will be heard on April 19, 2019 at 9:00 a.m., or as soon as the matter may be heard before Judge Jeffrey  S. White, at the United States District Court for the Northern District of California, Courtroom 5, 2nd Floor, 1301 Clay Street, Oakland, California.

This motion is hereby made and based on this Notice of Motion and Motion, Memorandum of Points & Authorities in support of this motion, exhibits (all of which are served and filed contemporaneously herewith) as well as the Court's files herein, and any arguments or evidence presented at the time of the hearing.

<u>**MEMORANDUM OF POINTS & AUTHORITIES**</u>

<u>**INTRODUCTION**</u>

Qualified immunity is an affirmative defense that has two prongs: (1) was there a constitutional violation; and, (2) was the law clearly established at the time. A court must draw inferences in favor of the plaintiff on summary judgment. An interlocutory appeal on qualified immunity is frivolous if the law was clearly established and factual disputes preclude judgment.

This case involves the repeated use of a taser in dart mode and the use of a baton where drawing inferences in plaintiff's favor, he had not committed any "serious" crime, posed no imminent threat, was not trying to flee. Rather, he was in bed refusing to get up, trying to give his cell phone to his wife to call his lawyer or videotape the police officers' conduct. On this record, this Court determined material disputed facts precluded judgment on several issues.

- 1 -

**First**, this Court held that material disputed facts existed as to whether Thorne used excessive force before plaintiff Del Valle left his bed by using his Taser once in dart mode at close range and striking Del Valle with a baton while plaintiff was in bed, as follows:

> Prior to the point that Del Valle left his bed, **Thorne used his Taser once in dart mode and at close range and struck Del Valle's shin with a baton**. A reasonable jury could conclude that those uses of force were more than a minimal intrusion on Del Valle's liberty. See, e.g, *Young v. County of Los Angeles*, 655 F.3d 1156, 1161-62 (9th Cir. 2011) (use of baton strikes); *Thomas v. Dillard*, 818 F.3d 864, 890 (9th Cir. 2016) ("Using a Taser in dart mode constitutes an 'intermediate, significant level of force.'") (quoting Bryan v. McPherson, 630 F.3d 805, 824, 826 (9th Cir. 2010)); *Rascon v. Brookins*, No. CV-14-00749-PHX-JJT, 2018 WL 783675, at *10 (D. Ariz. Feb. 8, 2018) (use of taser in dart mode).

Order at 16:1-8.

**Second**, this Court held disputed facts existed regarding Thorne's defense that Del Valle committed any "crime" by refusing to leave his bed.

> Given the nature of the battery at issue, a reasonable jury could conclude the alleged violation of Penal Code sections 242 and 243 were not "serious" crimes. The Court reaches the same conclusion when it considers the alleged violation of California Penal Code section 148. **Up to the point Thorne used his Taser, Del Valle's alleged interference with the officers consisted of refusing to leave his bed.** Although "disobeying a peace officer's order certainly provides more justification for force" than some offenses, "such conduct still constitutes only a non-violent misdemeanor offense that will tend to justify force in far fewer circumstances than more serious offenses[.]" *Young*, 655 F.3d a 1164-65.

Order at 17:2-9 (emphasis added).

**Third**, this Court held disputed facts existed regarding Thorne's defense that Del Valle was resisting or responding to pain, or fleeing rather than seeking help from his wife.

> Although Del Valle did grab or push Thorne's arm before Thorne used the Taser, Del Valle's actions up to that point reasonably could be construed as "passive resistance." Cf. *Thomas*, 818 F.3d at 890. A reasonable jury could conclude it was not until after Thorne deployed the Taser that Del Valle began to engage in more active resistance. For reasons discussed below, **a reasonable jury could conclude that Del Valle's resistance after that point was in response to Thorne's use of the Taser and the baton**. Cf. *Young*, 655 F.3d at 1164 ("an officer's 'provocative conduct' can trigger an individual's 'limited right to offer reasonable resistance'") (quoting *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001)); *Rascon*, 2018 WL 783675, at *8.13 **Zastrow argued that when Del Valle left his bed, Defendants were concerned was trying to flee. Viewing the evidence in Del Valle's favor, the video evidence shows he was**

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

**attempting to hand his phone to Kirsten and was asking her to record the events or call his lawyer.**

Order, 17:28-29:11 (emphasis added).

**Fourth**, this Court held that disputed facts existed regarding whether Del Valle posed a threat. On summary judgment, the Court concluded as follows:

Looking at the video evidence in the light most favorable to Del Valle, **a reasonable juror could find that at the time Thorne used the Taser and first hit Del Valle with the baton, Del Valle did not pose a threat to the Defendants or to Kirsten.**

Order at 19:13-15 (emphasis added).

**Fifth**, this Court held that disputed facts existed regarding Thorne's explanation that he was simply using force to extract compliance from Del Valle: "However, a reasonable jury could determine Thorne did not use the Taser in an effort to get Del Valle to comply with his orders." Order at 20:13-14. Based on the video's creation of disputed facts from those presented by defendant Thorne, the district court concluded as follows: "Although the Court concludes a reasonable jury could not find that Thorne used excessive force on Del Valle prior to deploying the Taser, it concludes a reasonable jury could find that Thorne's uses of force from the time he deployed his taser up to time Del Valle left the bed were excessive." Order at 20:16-19.

Having found that excessive force cannot be decided on summary judgment, the district court similarly concluded that qualified immunity could not either as follows:
With respect to Thorne, for the reasons set forth above, **the Court concludes that a reasonable jury could find that Thorne used excessive force when he used the taser and first struck Del Valle with the baton. With respect to Zastrow, the Court also concludes a reasonable jury could find that he was an integral participant in Thorne's uses of force *after* that point. The Court concludes that a reasonable jury could find Thorne and Zastrow violated Del Valle's constitutional rights,** and it turns to the second step of the *Saucier* analysis.

Order at 24:4-9 (*italic* emphasis in original, **bold** added).

Defendant Thorne also argued that the excessive-force law was not clearly-established as of September 24, 2016 to govern his conduct. This Court disagreed.

The Court examines whether, as of September 24, 2016, it was clearly established that it would have been unreasonable to use a Taser in dart mode and to strike an individual with a baton when that individual may have been the victim of domestic violence, was not otherwise suspected of a violent crime, and who at least passively resisted an officer's

- 3 -

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

commands. By that time, the Ninth Circuit had addressed at least five cases that addressed when use of a Taser amounted to excessive force, including *Thomas v. Dillard, supra*, on which the parties rely. Although Thorne's argument focuses primarily on the Taser, the Ninth Circuit also had addressed when using a baton could be considered excessive force. See, e.g., *Young*, 655 F.3d 1167-68 (citing cases).

Order at 25:15-22. The district court reviewed prior Taser and baton cases and determined the applicable law was clearly-established.

It is true that some facts in this case can be distinguished from the facts at issue *Thomas, Mattos, Young,* and *Bryan*. However, looking at the facts in the light most favorable to Del Valle, **there are enough similarities between this case and those cases to conclude that a reasonable officer in Thorne's position would have known the force was excessive**. For example, the crimes at issue were not severe, Del Valle did not actively resist Thorne until after he used the Taser and struck Del Valle's leg with the baton, and a reasonable jury could determine that Del Valle did not pose a threat to the Defendants' safety. Moreover, if a jury were to determine that he did not deploy the taser to obtain Del Valle's compliance, a reasonable juror also could find that he could not have reasonably believed his conduct was lawful.

Accordingly, **the Court concludes that there are disputed issues of fact that preclude the Court from concluding that Thorne is entitled to qualified immunity for using the Taser and for the first baton strike. Because there are disputed issues of fact about whether Thorne's use of force after Del Valle left the bed, and because Zastrow's liability as an integral participant will hinge on those disputes, the Court also concludes it cannot determine as a matter of law that Zastrow is entitled to qualified immunity**.

Order at 27:23-28:9 (emphasis added).

Defendants appealed this order.

## ARGUMENT

**A.     This district court may certify Thorne's and Zastrow's appeals as frivolous because the subject Order's findings turns on disputed facts.**

**1.   A district court retains jurisdiction over qualified-immunity matters which turn on disputed facts and may certify an appeal based on those facts as frivolous.**

The general rule that district courts are divested of jurisdiction over cases pending interlocutory appeal does *not* apply when a district court certifies an appeal as frivolous or waived. *Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996); *Chuman*, 960 F.2d at 105.

- 4 -

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

"Recognizing the importance of avoiding uncertainty and waste, but concerned that the appeals process might be abused to run up an adversary's costs or to delay trial, we have authorized the district court to go forward in appropriate cases by certifying that an appeal is frivolous or waived." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 790-91 (9th Cir. 2018). The Ninth Circuit has "decline[d] to apply the divestiture rule in a slavish manner that ignores the reality of what happened in the trial court." *United States v. Hickey*, 580 F.3d 922, 927 (9th Cir. 2009). Frivolous appeals can "significantly disrupt and delay trial court proceedings" and, in so doing, may "injure the legitimate interests of other litigants and the judicial system." *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir.1989).

In *Rodriguez v. County of Los Angeles,* the district court allowed the plaintiffs to try their civil-rights case alleging cell extractions violated the plaintiffs' Bane Act and Eighth Amendment rights without first certifying the pending appeal as frivolous or waived. The defendants appealed the plaintiffs' verdict, contending the district court lacked jurisdiction to try the case. The Ninth Circuit disagreed. Although the district court erred by not preemptively certifying the appeal as frivolous before trying the case, it was; any error was harmless. *Rodriguez*, 891 F.3d at 791.

Critically, a district court retains jurisdiction over qualified-immunity matters when they turn on questions of disputed facts. *Id.* at 791-792; *George v. Morris*, 736 F.3d 829, 833-34, 836- (9th Cir. 2013); *Johnson v. Cty. Of L.A.*, 340 F.3d 787, 791 n.1 (9th Cir. 2003). In *Rodriguez,* the Ninth Circuit issued an order to show cause inviting the defendants to identify any issue over which a court of appeal would retain exclusive jurisdiction. *Rodriguez,* 891 F.3d at 792. Absent such a showing, the *Rodriguez* defendants' appeal was frivolous. *Id.* The same is true here.

**2.  An interlocutory appeal on a qualified-immunity issue cannot be raised to the Ninth Circuit based on *disputed* facts.**

Under *Johnson v. Jones*, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995) and its progeny, "[a]ny decision by the district court 'that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal' " from the denial of summary judgment based on qualified immunity. *George v. Morris*, 736 F.3d 829, 834 (9th Cir.2013) (quoting *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir.2009)). "For purposes of the appeal of the

- 5 -

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

denial of immunity, we must 'take, as given, the facts that the district court assumed when it denied summary judgment for [a] (purely legal) reason.'" *Watkins v. City of Oakland*, 145 F.3d 1087, 1091 (9th Cir.1998) (quoting *Johnson*, 515 U.S. at 319, 115 S.Ct. 2151) (second alteration in original).

Instead, the Ninth Circuit's jurisdiction to conduct an interlocutory review of a district court's qualified-immunity ruling is *limited to pure questions of law* based on undisputed facts. *Mitchell v. Forsyth*, 472 U.S. 511, 528, 530 (1985); *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995); *Behrens*, 516 U.S. at 312–13; *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001); *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1164 (9th Cir. 2013).

An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. *Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1137 (9th Cir. 1984), *In re George*, 322 F.3d 586, 591 (9th Cir. 2002). If a defendant's challenge to the denial of a qualified-immunity defense is devoid of merit, the court can declare it as such and move forward with the case. *Behrens v. Peltier*, 516 U.S. 299, 310-11 (1996). An issue is frivolous if it has "no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

If the Circuit court lacks jurisdiction because a district court's order turns on disputed facts, that appeal is frivolous. *Maropulos v. Cty. of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009). "An order denying qualified immunity on the ground that a genuine issue of material fact exists is not a final, immediately appealable order." *Maropulous,* 560 F.3d at 975.If viable legal theories are pled which trigger constitutional violations, qualified-immunity defenses based on disputed facts are not subject to interlocutory review. *Hope v. Pelzer*, 536 U.S. 730, 738 (2002); *Deorle v. Rutherford*, 272 F.3d 1272, 1285 (9th Cir.2001); *Rodriguez v. Cty. of Los Angeles*, 96 F. Supp. 3d 990, 1006 (C.D. Cal. 2014). In short, disputed facts and inferences are the death knell to an interlocutory appeal based on qualified immunity. *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001).

Although the parties agree that the undisputed facts are displayed on the video, defendants seek to interpret this video by drawing inferences in their favor rather than the plaintiff's. (See,

- 6 -

1  Thorne Reply at page 2:5 stating" Given that Plaintiff agrees the video is accurate, its content is

2  undisputed."). This Court denied summary judgment based on disputed facts as to (1) Thorne's

3  uses of force; and, (2) Zastrow's involvement as an integral participant. Order at 28.

4        There is no pure issue of law being presented by either Thorne or Zastrow's appeal that is

5  based on undisputed facts. The Ninth Circuit lacks jurisdiction to review the subject Order on an

6  interlocutory basis. Accordingly, their appeals are frivolous.

7
         **B.  Thorne's and Zastrow's appeals are also frivolous because the law regarding
8            excessive force using Tasers and batons was clearly-established.**

9        The Court's Order denied qualified immunity as to both Thorne and Zastrow based on

10  well-established law regarding the use of tasers. Defendants' arguments to the contrary are

11  misguided and not subject to appeal at this juncture.

12        In 1989, in *Graham v. Connor* the unarmed plaintiff who had committed no crime was

13  suffering from a diabetic seizure when the defendant officers used force against him. *Graham v.*

14  *Connor*, 490 U.S. 386, 389 (1989). This case set forth factors to evaluate whether the force was

15  reasonable and set the standard moving forward.

16        By 2010, the law applying Fourth Amendment standards to law-enforcement's use of

17  tasers in dart mode, such as was implemented here, was "clearly established." *Bryan v.*

18  *MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (holding the use of a taser in dart mode violated

19  the Fourth Amendment but as the first case so articulating, granted qualified immunity).

20        By 2013, many cases put officers on notice regarding this intermediate use of force.

21        Still, relying on our grants of qualified immunity in *Bryan* and *Mattos*, Defendants argue
22     that the law was insufficiently clear before 2010—when we first identified tasers in dart
       mode as an intermediate level of force, *Bryan*, 630 F.3d at 826—to put Sgt. Shelton on
23     notice that his use of a taser against Blondin was excessive. But this case is factually
       distinguishable from *Bryan* and *Mattos* in one critical respect: Blondin engaged in no
24     behavior that could have been perceived by Sgt. Shelton as threatening or resisting. As a
       result, the use of non-trivial force of any kind was unreasonable.
25

26  *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1093–94 (9th Cir. 2013).

27        Out of the Fourth Amendment's Graham factors, the most important is whether a suspect

28  poses an immediate threat. *Jones v. Las Vegas Metropolitan Police Department*, 873 F.3d 1123,

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

1127 (9th Cir. 2017) (denying qualified immunity to many including one officer who used a taser for nineteen seconds against an unarmed suspect).

Similarly, courts have also interpreted when using a baton could be considered excessive such that the law is also clearly-established. *See,* Order at 25:15-22; *See, e.g., Young*, 655 F.3d 1167-68 (citing cases).

There is no "hazy" border to discern from this record. *Saucier v. Katz*, 533 U.S. 194, 206 (2001) (qualified immunity operates "to protect officers from the sometimes 'hazy border between excessive and acceptable force'"). Instead, the video demonstrates qualified immunity must be denied.

Here, drawing inferences in Del Valle's favor, Thorne knew Del Valle was in bed passively resisting by not getting up, was unarmed, had not committed any "serious" crimes, and was not trying to flee. Yet Thorne used his Taser and baton; Zastrow was an integral participant. For the same reasons qualified immunity is not available to Thorne, it is also not available to Zastrow. Based on clearly-established Fourth Amendment law, qualified immunity was denied and cannot be reviewed at this juncture. Defendants have not and cannot articulate any qualified-immunity argument which is based on the undisputed fact that Del Valle posed no threat.

### C. This Court's finding that Zastrow was an integral participant based on disputed facts is not subject to interlocutory review.

The only issue Zastrow may raise in an interlocutory appeal is qualified immunity. Zastrow may not now appeal the finding of whether he was an integral participant when that finding turned on disputed facts.

> Therefore, when the Court considers the *Graham* factors, considers the totality of the circumstances, and takes the facts in the facts in the light most favorable to Del Valle, the Court concludes that a reasonable jury could find that Zastrow was an integral participant in Thorne's uses of force on Del Valle after Thorne used the Taser and first hit Del Valle's leg with the baton.

Order at 23:3-6. Accordingly, Zastrow's appeal is also frivolous.

///

///

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

1

## CONCLUSION

2

3      This interlocutory appeal involves material facts in dispute regarding Thorne's uses of

4  force. The applicable Fourth Amendment law was clearly-established. Zastrow's qualified-

5  immunity allegations are based on the same facts and law as Thorne's in addition to disputed

6  facts on integral participation. At this juncture, their interlocutory appeals are premature and

   should be certified as a frivolous.

7                                           **SCOTT LAW FIRM**

8

9  Dated:  March 6, 2019                    By: /s/ John H. Scott____
                                            John Houston Scott
10                                          Attorney for Plaintiff

11

**SCOTT LAW FIRM**
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28