1

2

3

4                                  UNITED STATES DISTRICT COURT

5                                 NORTHERN DISTRICT OF CALIFORNIA

6

7    FERNANDO DEL VALLE,                        Case No. 17-cv-03611-JSW

8            Plaintiff,                         **ORDER DENYING MOTION FOR AN
                                                ORDER IMPOSING SANCTIONS AND
9        v.                                     HOLDING PLAINTIFF'S ATTORNEY
                                                IN CONTEMPT FOR VIOLATING A
10   COUNTY OF SONOMA, et al.,                  PROTECTIVE ORDER; ADDRESSING
                                                SEALING ORDER; AND SETTING
11           Defendants.                        STATUS CONFERENCE**

12                                              Re: Dkt. No. 193

13

14        This matter comes before the Court upon consideration of the motion for an order

15   imposing sanctions and holding Plaintiff's attorney in contempt for allegedly violating a protective

16   order, filed by Defendant Scott Thorne ("Thorne").  The Court has considered the parties' papers,

17   relevant legal authority, and the record in this case.  For the reasons that follow, the Court

18   DENIES Thorne's motion.

19        The parties shall appear for a telephonic status conference on December 4, 2020 at 11:00

20   a.m. (Dial in 1-888-684-8852, access code 8583698#).  The Court sets this status conference in

21   light of the COVID-19 pandemic.  Although the Northern District has lifted restrictions on civil

22   jury trials, under General Order 72-6 civil trials "may proceed in accordance with the logistical

23   considerations necessitated by the Court's safety protocols."  The Court wishes to account for the

24   possibility that it may require a longer lead time than usual to summon prospective jurors.  As

25   such, the Court wants to discern whether this case will actually proceed to trial, an issue the parties

26   shall address in the status report by required by this Order.  The parties should not answer this

27   question reflexively.  Rather, the parties and their counsel should discuss that question amongst

28

United States District Court
Northern District of California

1    themselves and shall meet and confer with each other to discuss the prospects of settlement as well

2    as whether this case will be ready to be tried as scheduled on March 1, 2020.

3    Accordingly, the parties shall file a joint status report by November 30, 2020, that addresses the

4    status of their pretrial preparation and any prospects of settlement.

5                                                **BACKGROUND**

6            By his motion, Thorne seeks to impose severe sanctions on Plaintiff Fernando Del Valle's

7    ("Del Valle") counsel, Izaac Schwaiger ("Schwaiger"), based on a post Schwaiger made on

8    Facebook describing matters that occurred during Thorne's deposition, and Schwaiger's responses

9    to comments made about that post.  (Dkt. No. 195-5, Declaration of Allison Berry Wilkinson

10   ("Wilkinson Decl."), ¶ 19, Ex. J.)  Thorne argues the Facebook post violated the terms of the

11   Protective Order because at the outset of the deposition, and over Del Valle's objection, Thorne

12   designated the entire deposition confidential.  Thorne did so with the expectation that the parties

13   would resolve any disputes over confidentiality at the conclusion of the deposition.  (Wilkinson

14   Decl., ¶ 6, Ex. C (Excerpts of Deposition of Scott Thorne ("Thorne Depo.") at 7:10-10:14.)[1]

15           The parties agreed that the Protective Order "does not confer blanket protections on all

16   disclosures or responses to discovery and [agreed] that the protection it affords from public

17   disclosure and use extends only to the limited information or items that are entitled to confidential

18   treatment under the applicable legal principles."  (Dkt. No. 46, Protective Order at 2:5-8.)  It then

19   lists several categories of information that could be designated as "Confidential," including:

20   "Other materials that the parties agree in writing are to be covered by this Order."  (*Id.* at 2:22.)

21           Material that is designated Confidential "shall be used solely in connection with the

22   preparation and litigation of the case in the within action (Case No. 17-cv-03611-JSW) or in any

23   related appellate proceeding, and not for any other purpose, including any other litigation, without

24   the express approval of this court."  (*Id.* at 2:25-27.)

25

26

---

27   [1]      The Court conditionally filed the excerpts of Thorne's deposition under seal.  The Court
     intended to finally resolve that motion in connection with this motion.  However, given the
28   Court's ruling, the Court will give the parties a further opportunity to resolve their disputes on
     what should be designated confidential.

United States District Court
Northern District of California

United States District Court
Northern District of California

**ANALYSIS**

1
2          Thorne seeks sanctions pursuant to Federal Rule of Civil Procedure 37 and asks the Court
3     to hold Schwaiger in contempt pursuant to 18 U.S.C. section 401.  Thorne argues that once he
4     designated the deposition as confidential, the terms of the Protective Order required Schwaiger
5     and Del Valle to treat it as such and to challenge the designations.  In order to impose sanctions or
6     hold Schwaiger in contempt, the Court must find he violated the terms of the Protective Order.
7     *See, e.g., United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 910 (9th Cir. 1986)
8     (stating courts may impose sanctions for violation of protective order).  If it finds a violation, any
9     sanctions the Court imposes "(1) … must be just; and (2) … must specifically relate to the
10    particular claim at issue in the order."  *Id.*

11         Because the parties did not resolve the dispute about the designation at the conclusion of
12    Thorne's deposition, the Court concludes it was incumbent upon Schwaiger to invoke the dispute
13    resolution procedure set forth in the Protective Order.  Having failed to resort to that procedure,
14    publicly posting information about the content of the deposition, which at the times still was – and
15    is - designated confidential, did not comport with the spirit of the Protective Order.  The Court
16    finds the post was extremely ill-advised, uncivil, and unprofessional and will not tolerate such
17    conduct from any of the parties or their counsel going forward.

18         That said, the deposition in its entirety does not fall within any of the three categories the
19    parties agreed would be confidential.  The parties also did not agree in writing in advance of the
20    deposition that it would be "Confidential."  Nor was the dispute over his decision to designate the
21    deposition confidential a surprise to Thorne; the parties' correspondence clearly demonstrates that
22    a blanket designation of confidentiality with the idea that the parties would resolve the matter later
23    was not acceptable to Del Valle and his counsel.  (*See, e.g.,* Wilkinson Decl., ¶¶ 13, 16, Exs. E, I.)
24    In addition to challenging designations after the fact, the Protective Order also permits a party to
25    seek relief in the form of a further protective order in advance.  (*Id.* at 3:8-13.)  Thorne could have
26    sought relief from the Court in advance of his deposition, but he did not do so.  Finally, although
27    the deposition still is designated confidential, the Facebook post which is part of the record does
28    not contain any information that the Court could consider "information or items that are entitled to

1   confidential treatment under the applicable legal principles."  (Protective Order at 2:5-8.)

2          Accordingly, to the extent there was a violation of the Protective Order, the Court

3   concludes that it does not warrant sanctions, let alone the severe sanctions proposed by Thorne.

4   Nor does it warrant a finding that Schwaiger is in contempt.  The parties shall move on from this

5   dispute and continue their trial preparation.

6          With respect to the outstanding dispute over what, if any, of Thorne's July 8 deposition

7   may be designated confidential, the parties shall meet and confer as that term is defined in the

8   Northern District Local Rules to see if they can reach a resolution without Court intervention.  As

9   the parties meet and confer, the Court notes that the fact that Thorne invoked his rights under the

10   Fifth Amendment during that deposition is now a matter of public record.  (*See* Dkt. No. 202.)

11   Although some of the questions posed may cover material that has been designated confidential,

12   the Court concludes Thorne's invocation of the privilege is not sealable.  If the parties cannot

13   resolve their issues about the questions posed, they shall submit a joint letter brief to the Court by

14   no later than November 17, 2020 outlining their disputes.  The Court shall reserve a final ruling on

15   the motion to seal Exhibit C and Paragraph 48 of the Wilkinson Declaration until that dispute is

16   resolved.

17          **IT IS SO ORDERED.**

18   Dated: October 14, 2020

19          

JEFFREY S. WHITE
20          United States District Judge

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*