Alison Berry Wilkinson (SBN 135890)
Berry | Wilkinson | Law Group
165 North Redwood Drive, Suite 206
San Rafael, California
Telephone:    (415) 259.6638
Facsimile:    (877) 259.3762
Email: alison@berrywilkinson.com

Attorneys for Defendant
SCOTT THORNE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO DEL VALLE, | Case No. 4:17-cv-03611-JSW |
| Plaintiff, | |
| vs. | DEFENDANT'S MOTION IN LIMINE NO. 3 TO PRECLUDE EVIDENCE RELATED TO PLAINTIFF'S EX-WIFE, KIRSTEN ROBERTS, AND TO PROHIBIT ASSERTION OF THE MARITAL PRIVILEGE DURING HER TESTIMONY |
| COUNTY OF SONOMA, STEVE FREITAS, SCOTT THORNE, ANTHONY DIEHM, BEAU ZASTROW, and DOES 1-50, inclusive | |
| Defendants. | Pretrial Date: February 8, 2021 |
| | Time:            2:00 p.m. |
| | Courtroom:    Courtroom 5, 2nd Floor |
| | 1301 Clay Street, Oakland, CA |
| | Trial Date:    March 1, 2021 |

Defendant Scott Thorne respectfully submits this motion in limine to preclude and limit certain evidence, testimony and argument concerning his former wife, Kirsten Roberts[1].

**First,** Defendant seeks to prohibit Plaintiff from referencing, introducing, or relying upon the unlawfully recorded videos of Ms. Roberts that he made on September 24, 2016 during the course of the argument that occurred inside their residence.  Those videos, taken without Ms.

---

[1] During this litigation, Plaintiff's ex-wife has been referred to by three different names: Kirsten Del Valle, Kirsten Schepp, and Kirsten Roberts, which is the name Defendant understands she is current uses.

1

Roberts' knowledge or consent, depict her naked, upset, and intoxicated.

**Second,** Defendant seeks a pretrial order precluding Plaintiff from claiming marital privilege related to any communications with Ms. Roberts during their marriage that are already a matter of public record and/or for which the privilege has already been waived during statements previously made by both Ms. Roberts and Mr. Del Valle.

**Finally,** Defendant seeks a pretrial order prohibiting Plaintiff's counsel from treating Ms. Roberts as an adverse witness or cross-examining her as a witness in an effort to impeach her statements or impugn her credibility. Ms. Roberts is a former client of Plaintiff's counsel, and was previously represented by him in connection with the investigation into the events of September 24, 2016 that are at issue in this trial.

## INTRODUCTION AND FACTUAL BACKGROUND

On September 24, 2016, the date of the incident at issue in this litigation, Plaintiff Fernando Del Valle and Kirsten Roberts were husband and wife. As noted in his Complaint, "Mr. Del Valle were arguing in their home," "Mrs. Del Valle had been drinking, and was upset that her husband had not noticed her new haircut." (Docket No. 1 at ¶11.) "The noise of the argument gave rise to a neighbor calling the police," which resulted in Deputies Thorne, Diehm, and Zastrow responding to the residence. (Docket No. 1 at ¶12.)

Both Mr. Del Valle and Ms. Roberts gave statements to the Santa Rosa Police Department on October 10, 2016. (Declaration of Alison Berry Wilkinson (hereafter "Wilk. Decl.) at ¶¶6-12 and Exhibits B, C.) Both were represented by Attorney Izaak Schwaiger during their interviews. (*Id.*). Both described what precipitated the argument as well as what they were arguing about, which included not just the haircut described in the Complaint, but also other problems in their marriage that culminated in the argument. (Wilk. Decl. at ¶¶6-12) The content of the argument was further testified to by both Ms. Roberts and Mr. Del Valle during the criminal trial and during depositions. (*Id.*)

At the deposition of Mr. Del Valle, taken on November 1, 2018, Mr. Schwaiger permitted Plaintiff to testify about the events in his home leading up to the police arriving on September 14, 2016. (Wilk. Decl. at ¶15.) However, during the deposition of Ms. Roberts on October 22, 2018,

2

Mr. Schwaiger objected to counsel for the County of Sonoma asking Ms. Roberts questions about what happened on September 24, 2016 prior to the deputies arriving on the ground of marital privilege. (Wilk. Decl. at ¶16.) But, thereafter, during his examination of Ms. Roberts, Plaintiff's counsel played the videos Plaintiff had taken of Ms. Roberts during the argument, which included audio concerning what was being said, and asked questions about what had transpired in the home prior to the deputies' arrival. (*Id.*)

Defendant Thorne submits this motion in limine to address the evidentiary issues related to Plaintiff's ex-wife, Kirsten Roberts. Plaintiff should not be permitted to use unlawful video recordings depicting his former wife naked, upset, and intoxicated in these proceedings. Further, Plaintiff should not be permitted to use the marital privilege to shield a full examination of the events preceding the deputies' arrival and present a distorted, one-sided view of the events, especially because both parties have previously provided statements and testimony about what happened before the deputies arrived. Finally, Plaintiff's counsel should not be permitted to attack, impeach, or impugn the integrity of Ms. Roberts, his former client.

## ARGUMENT

**A.    Plaintiff Should be Prohibited from Referencing, Introducing, or Otherwise Using the Unlawful Recordings He Made on September 24, 2016 Without Her Knowledge or Consent, and that Depict Her Naked, Upset, and Intoxicated**

Plaintiff used the electronic recording device on his phone to record, without Ms. Roberts' consent or knowledge, in both audio and video format, what would otherwise be confidential communications between he and his wife inside their home during the argument that precipitated the police response. This violated California law.

California Penal Code section 632(a) specifically prohibits the intentional recording of a confidential communication "carried on among the parties in the presence of one another." While California Penal Code section 633.5 provides an exception to the recording prohibition where a party "reasonably believed" the communication related to the crime of domestic violence, Mr. Del Valle has consistently asserted throughout this litigation that there was no domestic violence that night, and that no one was in imminent danger of serious bodily injury. He has also consistently asserted that what happened prior to the deputies arrival was just a private, domestic dispute

3

between married persons to which the marital privilege attaches. Consequently, Plaintiff cannot avail himself of the exception contained in section 633.5 to make those recordings lawful.

The recordings were also prohibited by California Penal Code section 647(j), which prohibits a person from viewing through a mobile phone, camera, or electronic device, the interior of an area in which the occupant has a reasonable expectation of privacy, as well as prohibits using any electronic record "to secretly videotape, film, photograph, or record by electronic means," an "identifiable person who may be in a state of full or partial undress … without the consent or knowledge of that person" in a bedroom or "any other area in which the person has a reasonable expectation of privacy." The videos of Ms. Roberts were taken inside a hallway of her home just outside the bathroom and a bedroom, when she was naked. (Wilk. Decl. at ¶17.) As a result, they violate California law.

Plaintiff should be precluded from using unlawfully obtained evidence to support his claims. Further, the evidence is not relevant. Only relevant evidence is admissible. (Fed. R. Evid. 402.). Evidence is "relevant," when it has a tendency to prove or disprove a fact of consequence in the action. (*Id.*) These videos do not help determine whether Defendant Thorne used reasonable force on September 24, 2016, as the information contained therein was not known to him during the incident. Further, even if such evidence were relevant (and it is not), its probative value is substantially outweighed by the significant potential for confusing the issues, misleading the jury, and prejudicing Mr. Thorne. (Fed. R. Evid. 403.).

**B.** **Plaintiff Should be Prohibited From Using the Marital Status Privilege to Present a One-Sided, Distorted View of What Transpired Prior to the Deputies' Arrival**

During the deposition of Kirsten Roberts, Plaintiff asserted the marital privilege as to the content of the arguments, issues and problems in her marriage to Mr. Del Valle that led to the deputies arriving at her home on September 24, 2016. Defendant anticipates that Plaintiff may similarly object during trial.

However, by partially disclosing the content of the argument in his Court filings, as well as providing additional detail in his other statements and testimony, Mr. Del Valle has waived the privilege. As noted in *Edwards v. Ayers*, 542, F.3d 759, 771 (9th Cir. 2008), a spouse waives

privilege by providing selective disclosures and injecting the relationship with his former spouse into the case.

Likewise, in *U.S. v. Premises Known as 281 Syosset Woodbury Road, Woodbury, N.Y.* (2d Cir. 1995) 71 F.3d 1067, 1072, the court held that when a witness-spouse has testified to some confidential communications but not all, the privilege is waived for the remainder of the communications. The court stated:

> The confidential marital communications privilege is no more sacred than the Fifth Amendment. When a witness who has previously testified voluntarily about the contents of certain confidential marital communications seeks, later, to invoke the privilege to protect other communications, the court is confronted with "a significant danger of distortion. 'To uphold a claim of privilege [in such a case] ... would open the way to distortion of facts by permitting a witness to select any stopping place in the testimony.' " *Id.* at 288 (quoting *Rogers v. United States,* 340 U.S. 367, 371, 71 S.Ct. 438, 440–41, 95 L.Ed. 344 (1951)). In such a situation, this privilege, no less than the Fifth Amendment, can be deemed to have been waived.

*U.S. v. Premises Known as 281 Syosset Woodbury Road, Woodbury, N.Y.,* 71 F.3d 1067, 1072 (2d Cir. 1995).

Defendant Thorne thus requests this Court issue a pre-trial order precluding Plaintiff from asserting the martial communications privilege with regard to the argument that preceded the deputies arriving, or any other communications or events that occurred during their marriage that have been previously described in filings, statements, and testimony.

### C. Plaintiff's Counsel Should Be Precluded from Attacking, Impeaching, or Impugning Ms. Roberts, his Former Client

On October 20, 2016, Attorney Izaak Schwaiger appeared with Kirsten Roberts (then Del Valle) and attended her interview with the Santa Rosa Police Department. During that interview, Mr. Schwaiger represented her interests in connection with the events of September 24, 2016 that give rise to this litigation, facilitated her providing evidentiary photographs to the detectives, and assisted Ms. Roberts with the request by the detectives for consent to search and photograph her home, and coordinated when that would be done. (Wilk. Decl. at ¶¶6-12.)

As Ms. Roberts is a former client, Mr. Schwaiger has a duty of loyalty with regard to her

interests in the action, an obligation not to represent conflicting interests.  As noted in the comment section of California Rule of Professional Conduct 1.9:

> After termination of a lawyer-client relationship, the lawyer owes two duties to a former client.  The lawyer may not (i) do anything that will injuriously affect the former client in any matter in which the lawyer represented the former client, or (ii) at any time use against the former client knowledge or information acquired by virtue of the previous relationship.  (See, *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal. 4th 811 [124 Cal. Rptr. 3d 256]; *Wutchumna Water Co. v. Bailey* (1932) 216 Cal. 564 [15 P. 2d 505].)

([http://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Rules/Rules-of-Professional-Conduct/Current-Rules/Chapter-1-Lawyer-Client-Relationship](http://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Rules/Rules-of-Professional-Conduct/Current-Rules/Chapter-1-Lawyer-Client-Relationship))

Since Ms. Roberts is a former client of Plaintiff's counsel, Defendant seeks a pretrial order prohibiting him examining her as a witness as well as prohibiting any effort to impeach her statements or impugn her credibility because to do otherwise would be materially adverse to her interests and in contravention of his ethical duties towards her.

If Plaintiff's counsel disputes his status as Ms. Roberts' former attorney or the nature of their relationship, Defendant requests the opportunity to present evidence and testimony at an evidentiary hearing prior to the Court ruling on this *in limine* motion.

## CONCLUSION

For the foregoing reasons, the Court should exclude any evidence or argument concerning other claims, complaints, or investigations involving Defendant Thorne.

Dated:  January 8, 2021              Respectfully submitted,

                                       Berry | Wilkinson | Law Group

                                       By___ */s/ Alison Berry Wilkinson*_____
                                       ALISON BERRY WILKINSON
                                       Attorneys for Defendant THORNE

# PROOF OF SERVICE

### *Del Valle v. County of Sonoma, et al. Case No. 4:17-cv-03611 JSW*

I, Alison Berry Wilkinson, am a citizen of the United States, and am over 18 years of age. I am employed in Marin County and am not a party to the above-entitled action. My business address is Berry Wilkinson Law Group, 165 North Redwood Drive, Suite 206, San Rafael, CA 94903.

On the date set forth below I served true and correct copies of the following document(s): upon all parties addressed as follows:

- DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE REGARDING ALLEGED BAD ACTS, ALLEGATIONS, AND CLAIMS NOT AT ISSUE IN THIS ACTION
- DEFENDANT'S MOTION IN LIMINE NO. 3 TO PRECLUDE EVIDENCE RELATED TO PLAINTIFF'S EX-WIFE, KIRSTEN ROBERTS, AND TO PROHIBIT ASSERTION OF THE MARITAL PRIVILEGE DURING HER TESTIMONY
- DECLARATION OF ALISON BERRY WILKINSON IN SUPPORT OF MIL NO.3

*Attorneys for Plaintiff:*

| **Izaak D. Schwaiger** | **John Houston Scott** |
|---|---|
| 130 Petaluma Avenue, Ste. 1A | **SCOTT LAW FIRM** |
| Sebastopol, CA 95472 | 1388 Sutter Street, Suite 715 |
| 707.595.4414 | San Francisco, CA 94109 |
| | 415.561.9601 |

Said service was effected as indicated below:

[ ]     HAND DELIVERY - I placed true and correct copies of the above-referenced document(s) in a sealed envelope, addressed to the above-named parties, and personally delivered them.

[X]     ELECTRONIC MAIL - I caused true and correct copies of the above-referenced document(s) to be delivered by electronic mail transmission via One Legal.

[ ]     OVERNIGHT DELIVERY - I placed true and correct copies πof above-referenced document(s) in a sealed envelope, properly addressed to the above-named parties, with fees prepaid in a receptacle regularly maintained by Federal Express.

[ X ]     U.S. MAIL - I caused to be placed true and correct copies of above-referenced document(s) in a sealed envelope, properly addressed to attorneys for the Respondents only, as indicated above, with postage prepaid in a receptacle regularly maintained by the United States Post Office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and was executed at San Rafael California on January 8, 2021        /s/    *Alison Berry Wilkinson*

                                     Alison Berry Wilkinson